BENNIE SMITH V. THE STATE.

No. 21819. Delivered November 5, 1941.
Rehearing Denied January 28, 1942.

The opinion states the case.

*L. E. King,* of Hemphill, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from the District Court of Sabine County in which the death penalty was assessed. It is the second time the case has been before this court, and each time the jury has returned the same verdict. (Smith v. State, 141 Texas Crim. Rep. 577, 150 S. W. (2d) 388.)

There is no material difference in the statement of facts found in the second appeal from what it was in the first, save and except in the cross examination of the wife. Consequently, we refer to the opinion in the former appeal for a statement of the nature of the case. Likewise, nothing new is presented in this appeal for our consideration.

The record contains six bills of exception, each relating to the admission in evidence of a voluntary statement made by appellant in writing while under arrest, and our attention is called to various phases of the objections made at the time it was admitted. The confession appears to be, in every respect, in compliance with the requirements of Art. 727, Vernon's Ann. Code of Criminal Procedure. It is taken before the district Attorney and the most insistent objection seems to be because, "The district attorney is not a Judge of the Supreme Court, a Judge of the Court of Criminal Appeals, a Judge of the District Court, a County Judge, nor a County Commissioner, the Justice of the Peace, the Mayor or Recorder of an incorporated city or town." It is said that neither of the three persons present at the time the confession was made was a magistrate under the laws of Texas. The article of the statute above referred to does not require that the person taking the confession be such. The objection on this ground cannot be sustained.

It appears that after the arrest of appellant, his wife left her home and went into the State of Louisiana. The officers went

to Louisiana, arrested her and questioned her about the crime. She claims that under threats and in fear she gave them a statement, the contents of which does not appear in this record, but which she now says was the truth. They returned to Texas and confronted appellant, telling him that his wife had "spilled the beans" and that he had just as well make a confession. There is no evidence of any force whatsoever being used or any threats made to induce him to make this statement. The truthfulness of their statement to him on this occasion is not denied, but is admitted by the wife, who was placed on the stand to testify in behalf of her husband. The evidence was brought out on re-direct examination by the defense and not the State. It seems to be the position that this constitutes an infraction of the rule which prohibits the wife from testifying against her husband. The record does not disclose anything which she told the officers. At least, the State has not shown any and appellant would not be in position to complain of what he himself caused her to testify in his case, whether for or against him.

We have fully considered these bills in the light of the record before us and are unable to agree with the propositions presented.

The evidence is amply sufficient to sustain the verdict. We find no error in the record and have no question presented for our consideration.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

We have again reviewed the bills of exception found in the record, and have examined the statement of facts, having been referred thereto by the trial court in connection with the bills. None of them reflects error.

The motion for rehearing is overruled.